# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARTON GERNANDT, JR., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-834-D |
| SANDRIDGE ENERGY, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CHRISTINA A. CUMMINGS, on behalf of the SandRidge Energy, Inc. 401(k) Plan, herself, and alternatively, a class consisting of similarly situated participants of the Plan, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | *Consolidated with* |
| v. | ) ) | Case No. CIV-15-892-D |
| SANDRIDGE ENERGY, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RICHARD A. MCWILLIAMS, individually and on behalf of SandRidge Energy, Inc. 401(k) Plan, and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | *Consolidated with* |
| v. | ) ) | Case No. CIV-15-1001-D |
| SANDRIDGE ENERGY, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

This ERISA action was brought by Plaintiffs, individually and on behalf of a putative class and the SandRidge Energy, Inc. 401(k) Plan (the Plan), alleging Defendants breached duties owed to the Plan, Plaintiffs, and the putative class by, *inter alia*, retaining SandRidge Energy, Inc.'s (SandRidge) common stock as an investment option when a reasonable fiduciary would have done otherwise. On May 19, 2016, SandRidge notified the Court that it had filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas [Doc. No. 144]. Upon Plaintiffs' suggestion that this action could, and should, proceed against the non-debtor defendants [Doc. No. 145], the Court directed the parties to submit supplemental briefs addressing the effect of SandRidge's bankruptcy [Doc. No. 146].[1]

Pursuant to § 362 of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1). Generally, the automatic stay provision of § 362 extends only to the debtor and not to non-debtor co-defendants. *Dixie Aire Title Services, Inc. v. SPW, L.L.C.*, 389 B.R. 222, 225

---

[1] As explained herein, the Court finds Plaintiffs' voluntary dismissal of SandRidge [Doc. No. 151] as a defendant does not affect the findings and conclusions made in the present order.

(Bankr. W.D. Okla. 2008) ("By its terms, however, § 362(a)(1) only stays an 'action or proceeding against the debtor.'"). However, the stay may be applicable to non-bankrupt co-defendants where "unusual circumstances" exist. *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997).

Courts have found "unusual circumstances" to be present "where there is such identity between the non-debtor defendant and the debtor that a judgment against the former will in effect be a judgment against the latter." *In re Expert South Tulsa, LLC*, 506 B.R. 298, 302 (Bankr. D. Kan. 2011); *McCartney*, 106 F.3d at 510. Courts have also extended the stay to non-debtor defendants where a judgment against the non-debtor would trigger the debtor's indemnification obligations. *See id.* (citing *In re American Film Technologies, Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994); *In re Family Health Services, Inc.*, 105 B.R. 937, 942-43 (Bankr. C.D. Cal. 1989)). Moreover, courts have extended the stay where such protection is essential to the debtor's efforts of reorganization. *Id*. (citations omitted).

Finally, as a practical matter, a district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See United Steelworkers v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) ("[The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Upon review of the parties' submissions, the Court finds such "unusual circumstances" exist to justify extension of the automatic stay. The Court notes there is a significant overlap of factual allegations against SandRidge and the non-debtor defendants, as well as potential indemnification obligations owed by SandRidge to at least one non-debtor defendant, such that the interests of SandRidge and the non-debtors are practically identical. Moreover, as noted in Defendant Tom Ward's supplemental brief [Doc. No. 149] the subject bankruptcy was prearranged based upon an agreement between SandRidge and its major creditors, and is anticipated to be performed on an expedited basis. *Id*. at 5. Lastly, the Court finds significant time and resources would be preserved were a stay granted pending completion of the bankruptcy proceedings.

Accordingly, the Court finds an extension of the § 362 automatic stay is warranted, and a stay of this case, in its entirety, is appropriate pending the resolution of SandRidge's bankruptcy. An administrative closing order shall be entered forthwith.

**IT IS SO ORDERED** this 7th day of June, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE