# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BARTON GERNANDT, et al., )
)
      Plaintiffs, )
) Case No. CIV-15-834-D
v. )
) (*Consolidated with*
SANDRIDGE ENERGY, INC., et al., ) Case No. CIV-15-892-D
) Case No. CIV-15-1001-D)
      Defendants. )

# ORDER

Plaintiffs are participants and beneficiaries of the SandRidge Energy, Inc., 401(k) Plan. They allege Defendants were responsible for the Plan's investments and breached their fiduciary duties by, *inter alia*, retaining SandRidge common stock as an investment option in the Plan despite its decline and when a reasonable fiduciary would have done otherwise. On July 28, 2017, the Court granted Defendant Reliance Trust Company's ("Reliance") Motion to Dismiss on the grounds that, among other things, Plaintiffs failed to plausibly state a cause of action under the applicable standards as to fiduciaries having discretionary authority with respect to investment decisions, as clarified by the Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. –, 134 S. Ct. 2459 (2014). *See*

*Gernandt v. SandRidge Energy, Inc.*, No. CIV-15-834-D, 2017 WL 3219490 (W.D. Okla. July 28, 2017). The Court granted Plaintiffs leave to file an amended complaint, and on October 25, 2017, Plaintiffs filed their Amended Consolidated Class Action Complaint [Doc. No. 184].

Defendants contend Plaintiffs have failed to cure the defects in their original pleading, and again move to dismiss the complaint for failure to state a claim upon which relief can be granted. Before the Court is Reliance's renewed Motion to Dismiss [Doc. No. 185]. Plaintiffs have filed their response [Doc. No. 196] and Reliance has replied [Doc. No. 198]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

The Court will grant a motion to dismiss where the complaint lacks a cognizable legal theory or alleges insufficient facts to support a cognizable legal theory. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation omitted)).

The Tenth Circuit has further noted that "'[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" *Khalik*, 671 F.3d at 1191 (quoting *Kansas Penn Gaming*, 656 F.3d at 1215). "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. (quoting *Robbins*, 519 F.3d at 1247). In deciding *Twombly* and *Iqbal*, there was no indication the

3

Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Id*. at 1191 (citing *Iqbal*, 556 U.S. at 678).

Thus, it remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) ("Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory.") (internal quotation omitted)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "'[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation omitted).

## DISCUSSION

The underlying facts of the present action are extensive and will not be fully repeated in this order except where necessary to denote Plaintiffs' relevant amendments. For a more comprehensive recitation of the underlying facts, the Court refers the parties to the "Background" section of its previous Order. *See Gernandt*, 2017 WL 3219490 at **1-5. As before, Reliance contends the amended complaint fails to state a claim upon which relief may be granted because: (1) the amended complaint fails to state a claim for breach of fiduciary duties; (2) the amended complaint fails to state a claim for co-fiduciary liability; and (3) Plaintiffs are not entitled to a jury.[1] The Court addresses each argument in turn.

---

[1] The Court previously struck Plaintiffs' jury demand pursuant to Tenth Circuit precedent which states there is no right to a jury trial in ERISA cases because the statute's benefits are inherently equitable in nature. *See Gernandt*, 2017 WL 3219490 at *11 (citing *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009)). Although the amended complaint includes a jury demand, Plaintiffs have opted to forego pursuit of that remedy, and its inclusion only serves to preserve the issue for any future appeal. *See* Pl's. Resp. Br. at 25 n. 15. Accordingly, for the reasons stated in its previous order, the Court strikes Plaintiffs' jury demand; Defendant's motion is **GRANTED** on this issue.

## I. Breach of Fiduciary Duty

Reliance alleges the amended complaint fails to state a claim for breach of fiduciary duty because (1) Plaintiffs fail to plead special circumstances that would render reliance on the market price of SandRidge stock imprudent, as required under *Fifth Third*, and (2) as a non-discretionary, directed trustee, Reliance owes narrower duties than discretionary trustees. As previously observed by the Court, "[t]he elements of a breach of fiduciary duty claim under ERISA are: (1) the defendant was a fiduciary, (2) the defendant was acting within its capacity as a fiduciary at the time of the alleged breach, and (3) the defendant breached its fiduciary duty." *Gernandt*, 2017 WL 3219490, at *7 (citing *Womack v. Orchids Paper Prods. Co. 401(K) Sav. Plan*, 769 F. Supp. 2d 1322, 1328 (N.D. Okla. 2011)). As further observed by the Court, "the standard of proof required to hold a fiduciary accountable is high. 'It is not enough to show that a fiduciary's investment decisions turned out badly; to prevail, a plaintiff must show that those decisions were objectively imprudent at the time they were made.'" *See id.* (quoting *Gedek v. Perez*, 66 F. Supp. 3d 368, 674 (W.D.N.Y. 2014)).

Relevant here, *Fifth Third* observed that *Twombly* and *Iqbal* limited lawsuits involving employee stock ownership in that, in cases of publicly

6

traded stock, allegations that a fiduciary should have recognized from publicly available information alone that the market was over-or undervaluing the stock are implausible in the absence of "special circumstances." 134 S.Ct. at 2471. Analyzing decisions from other appellate courts (the Supreme Court did not specify what events constituted "special circumstances"), this Court concluded that the events cited by Plaintiffs in their original complaint did not constitute "special circumstances" as to state a claim for breach of fiduciary duty. *Gernandt*, 2017 WL 3219490, at *10.

Upon review of the amended complaint, the Court finds it remains devoid of any well-pleaded facts which show the events complained of constituted "special circumstances" as to impose fiduciary liability under *Fifth Third*. As noted by the Court, "various courts have found special circumstances to be akin to accounting irregularities, misappropriations of insider information, or another action which affects the market's reliability of a stock's market price." *Gernandt*, 2017 WL 3219490 at *7 (citing *In re 2014 Radioshack ERISA Litig.*, 165 F. Supp. 3d 492, 502 (N.D. Tex. 2016)). In contrast, allegations of ominous news articles, volatility in stock price, increased trading volumes, rising costs of credit default swaps, downgrades from various ratings agencies, criticisms from investment analysts, severe

7

business problems, and a company's decent into bankruptcy, do not constitute special circumstances.

The amended complaint recites how the SandRidge stock ceased trading on a major market while being held by the Plan, through its January 2016 delisting, 2015 warnings regarding the imminent delisting, and status as an unreliable penny stock; how SandRidge's perilous financial condition caused SandRidge to trade on an inefficient market; how SandRidge's assets were unproductive, or minimally productive at current oil prices; how SandRidge's company attributes were dependent upon oil prices and the precipitous decline of oil prices; how SandRidge's perilous financial condition caused its share price to fluctuate wildly; how investors sold large blocks of shares; and that trading volumes were high. *See* Amend. Compl. ¶¶ 14-42.

Plaintiffs' amended complaint cites more of the same events and circumstances sister courts have declared insufficient to constitute special circumstances under *Fifth Third*. Again, the Court notes that this result may seem harsh under the circumstances, but absent further guidance from the Supreme Court or Tenth Circuit, the Court finds Plaintiffs have failed to state a claim upon which relief may be granted and Reliance's motion is **GRANTED** on this issue.

## II. Co-Fiduciary Liability

As previously noted, ERISA imposes co-fiduciary liability under the following circumstances:

> (a) In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

*Gernandt*, 2017 WL 3219490 at *10 (quoting 29 U.S.C. § 1105(a)). The Court dismissed this claim in the original complaint because "[a]lthough Plaintiffs adequately set forth the statutory elements of co-fiduciary liability, the Complaint [was] devoid of any supporting facts that bolster their contention Reliance had 'actual knowledge' of the other fiduciary's alleged breaches." *Id*. The amended complaint alleges Reliance failed to fulfill its fiduciary

9

obligations, thereby enabling the other defendants' fiduciary breaches, and took no action to remedy said breaches of fiduciary duty. Although these allegations present a minimally sufficient allegation of liability generally, as stated above, the standard governing allegations of *fiduciary* liability are more strict and narrow. As before, Plaintiffs have failed to plead sufficient factual content that would allow the Court to draw the reasonable inference that Reliance had actual knowledge of its co-defendants' alleged misconduct. Plaintiffs' amended complaint fails to cure the deficiencies of the original in this regard, and Defendant's Motion to Dismiss is **GRANTED** on this issue as well.

## CONCLUSION

Defendant Reliance Trust Company's Motion to Dismiss [Doc. No. 185] is **GRANTED** as set forth herein. Because Plaintiffs have not moved for leave to further amend their pleading, prior amendments have failed to cure the deficiencies found by the Court, and it appears further amendment would be futile, the dismissal is with prejudice to a future filing.[2]

---

[2] *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (requiring written motion for leave to amend); *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (same); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with

**IT IS SO ORDERED** this 8th day of November, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

prejudice is appropriate where a complaint fails to state a claim ... and granting leave to amend would be futile."); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (futile amendment is properly denied).