# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARTON GERNANDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. CIV-15-834-D |
| v. ) | |
| ) | (*Consolidated with* |
| SANDRIDGE ENERGY, INC., et al., ) | Case No. CIV-15-892-D |
| ) | Case No. CIV-15-1001-D) |
| Defendants. ) | |

## **ORDER**

Plaintiffs are participants and beneficiaries of the SandRidge Energy, Inc., 401(k) Plan. They allege Defendants[1] were responsible for the Plan's investments and breached their fiduciary duties by, *inter alia*, retaining SandRidge common stock as an investment option in the Plan despite its decline and when a reasonable fiduciary would have done otherwise. On July 28, 2017, the Court granted Defendant Reliance Trust Company's

---

[1] The term "Defendants" in this instance refers to the "SandRidge Defendants" (SandRidge Energy, Inc., James D. Bennett, Jim J. Brewer, Everett R. Dobson, William A. Gilliland, Daniel W. Jordan, Edward W. Moneypenney, Roy T. Oliver, Jr., Jeffrey S. Serota, J. Michael Stice, Alan J. Weber, Dan A. Westbrook, Mary Whitson, Cindy Green, Sabreena Coleman, Eddie LeBlanc, Robert Scott Griffin, The Employee Benefits and Compensation Committee of SandRidge Energy, Inc. and The Investment Committee of SandRidge Energy, Inc.).

Motion to Dismiss on the grounds that, among other things, Plaintiffs failed to plausibly state a cause of action under the applicable standards as to fiduciaries having discretionary authority with respect to investment decisions, as clarified by the Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S.—, 134 S.Ct. 2459 (2014). *See Gernandt v. SandRidge Energy, Inc.*, No. CIV-15-834-D, 2017 WL 3219490 (W.D. Okla. July 28, 2017). The Court did not rule on the motions to dismiss filed by the SandRidge Defendants or Defendant Tom Ward. Instead, the Court granted Plaintiffs leave to file an amended complaint against all defendants, and on October 25, 2017, Plaintiffs filed their Amended Consolidated Class Action Complaint [Doc. No. 184].

The SandRidge Defendants contend Plaintiffs have failed to cure the defects in their original pleading, and again move to dismiss the complaint for failure to state a claim upon which relief can be granted. Before the Court is the SandRidge Defendants' Motion to Dismiss [Doc. No. 187]. Plaintiffs have filed their response in opposition [Doc. No. 194] and Defendants have replied [Doc. No. 197]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

The Court will grant a motion to dismiss where the complaint lacks a cognizable legal theory or alleges insufficient facts to support a cognizable

legal theory. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation omitted)).

The Tenth Circuit has further noted that "'[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"

*Khalik*, 671 F.3d at 1191 (quoting *Kansas Penn Gaming*, 656 F.3d at 1215). "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. (quoting *Robbins*, 519 F.3d at 1247). In deciding *Twombly* and *Iqbal*, there was no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Id*. at 1191 (citing *Iqbal*, 556 U.S. at 678).

Thus, it remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) ("Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory.") (internal quotation omitted)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "'[A] well-pleaded complaint may

4

proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation omitted).

## DISCUSSION

The underlying facts of the present action are extensive and will not be restated here. For a more comprehensive summary of the underlying facts, the Court refers the parties to its previous order granting Reliance's Motion to Dismiss. Here, the SandRidge Defendants move to dismiss the amended complaint on the grounds that (1) Plaintiffs fail to state a duty of prudence claim, (2) Plaintiffs fail to state a duty of loyalty claim, and (3) Plaintiffs fail to state a duty to monitor claim.

### I. Duty of Prudence

The SandRidge Defendants state that the allegations in the amended complaint are insufficient to state a claim for breach of the duty of prudence under the Supreme Court's decision in *Fifth Third*. As previously noted by the Court, the Supreme Court held that "where a stock is publicly traded, allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock are

implausible as a general rule, at least in the absence of special circumstances." *Fifth Third*, 134 S.Ct. at 2471. The Court reasoned that "[m]any investors take the view that 'they have little hope of outperforming the market in the long run based solely on their analysis of publicly available information,' and accordingly they 'rely on the security's market price as an unbiased assessment of the security's value in light of all public information.'" *Id.* (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258,134 S. Ct. 2398, 2411 (2014)).

Because "a fiduciary usually is not imprudent to assume that a major stock market provides the best estimate of the value of the stocks traded on it that is available to him," *id.* (internal quotation omitted), a plaintiff must "point[ ] to a special circumstance affecting the reliability of the market price as 'an unbiased assessment of the security's value in light of all public information' that would make reliance on the market's valuation imprudent." *Id.* at 2472 (internal quotation and citation omitted).

Moreover, to state a claim for breach of the duty of prudence on the basis of inside information, the *Fifth Third* Court held that "a plaintiff must plausibly allege [1] an alternative action that the defendant could have taken that would have been consistent with the securities laws and [2] that a prudent fiduciary

6

in the same circumstances would not have viewed as more likely to harm the fund than to help it." *Id*. The *Fifth Third* Court further clarified that lower courts should determine whether the complaint itself states a claim satisfying that liability standard:

> [L]ower courts faced with such claims should also consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position could not have concluded that stopping purchases – which the market might take as a sign that insider fiduciaries viewed the employer's stock as a bad investment – or publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund.

*Id*. at 2473.

### A. *Public Information*

In light of the foregoing standard, this Court previously analyzed decisions from other appellate courts (the Supreme Court did not specify what events constituted "special circumstances"), and concluded that the weight of authority held that the events cited by Plaintiffs in their original complaint did not constitute "special circumstances" as to state a claim for breach of fiduciary duty. *Gernandt*, 2017 WL 3219490 at *10. The amended complaint recites how the SandRidge stock ceased trading on a major market while being held by the Plan, through its January 2016 delisting, 2015 warnings regarding the

imminent delisting, and status as an unreliable penny stock; how SandRidge's perilous financial condition caused SandRidge to trade on an inefficient market; how SandRidge's assets were unproductive, or minimally productive at current oil prices; how SandRidge's company attributes were dependent upon oil prices and the precipitous decline of oil prices; how SandRidge's perilous financial condition caused its share price to fluctuate wildly; how investors sold large blocks of shares; and that trading volumes were high. *See* Amend. Compl. ¶¶ 14-42.

Plaintiffs' amended complaint cites more of the same events and circumstances sister courts have declared insufficient to constitute special circumstances under *Fifth Third*. As the Court noted in its order granting Reliance's motion, this result may seem harsh under the circumstances, but absent further guidance from the Supreme Court or Tenth Circuit, the Court finds Plaintiffs have failed to state a claim upon which relief may be granted, and the SandRidge Defendants' motion is **GRANTED** on this issue.

### B. *Non-Public Information*

Plaintiffs allege that as of August 12, 2012, to minimize losses to the Plan, the SandRidge Defendants could have taken the alternate action of lessening the concentration of SandRidge stock in the company's 401(k) plans

and halting further purchases of company stock based on inside information at the start of, or during the relevant class period. *See* Amend. Compl. ¶¶ 53-56. Plaintiffs conclude that had the defendants done so, "[t]he market could have plausibly concluded that the action to freeze further purchases of SandRidge Stock was taken to diversify the Plan's over concentration in SandRidge Stock. Accordingly, there would not have been a drop in SandRidge Stock simply because the Plan's fiduciaries elected to freeze further purchases of SandRidge Stock." *Id*. ¶ 56.

In *Amgen, Inc. v. Harris*, 136 S. Ct. 758 (2016), the plaintiffs alleged that Amgen concealed the negative results of a clinical trial for an anemia drug and also marketed a risky off-label use for that drug. After the company disclosed the trial results, Amgen's stock plummeted. Employees who invested in Amgen's employee stock option plan sued the fiduciaries, claiming that they should have, *inter alia*, removed the Amgen stock as an investment option. *See id*. at 758-59. The Ninth Circuit agreed, reasoning that the complaint plausibly alleged that the fiduciaries should have removed the fund as an investment option. *Id*. at 759-60. On appeal, the Supreme Court reversed, holding that the complaint failed to allege facts showing that the proposed alternative action could plausibly have satisfied *Fifth Third's* standards. *Id*. Still, neither *Amgen*

nor *Fifth Third* articulate what factors lower courts should evaluate when determining if a complaint satisfies this standard.

Lower appellate courts have, however, decided the issue. In *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56 (2d Cir. 2016), the plaintiffs alleged that the fiduciary imprudently invested ESOP assets solely in Lehman Brothers. The plaintiffs argued that even if the market accurately priced the stock, the company was nonetheless excessively risky. Relevant here, the Second Circuit held that "[a] prudent fiduciary could have concluded that divesting Lehman stock, or simply holding it without purchasing more, 'would do more harm than good.'" *Id*. at 68 (quoting *Amgen*, 136 S. Ct. at 760). The court reasoned, without further analysis, that "[s]uch an alternative action in the summer of 2008 could have had dire consequences." *Id*.

In *Whitley v. BP, P.L.C.*, 838 F.3d 523 (5th Cir. 2016), the plaintiffs alleged that the fiduciaries knew British Petroleum (BP) stock was "overpriced because BP had a greater risk exposure to potential accidents than was known to the market." *Id*. at 529. When the Deepwater Horizon explosion cratered the company's stock, plan participants sued. In dismissing the complaint, the court explained "the plaintiff bears the significant burden of proposing an alternative course of action so clearly beneficial that a prudent fiduciary *could not*

*conclude* that it would be more likely to harm the fund than to help it." *Id.* (emphasis in original). Because the proposed alternative action of freezing BP stock purchases, and others, "would likely lower the stock price ... it seems that a prudent fiduciary could very easily conclude that such actions *would* do more harm than good." *Id.* (emphasis in original).

Likewise, the Court rejects Plaintiffs' nonpublic-information claim. Plaintiffs offer the same alternative action that the Supreme Court and other federal courts have rejected. The complaint fails to plausibly allege that a "prudent fiduciary ... could not have concluded that stopping purchases ... or publicly disclosing negative information would do more harm than good." *Fifth Third*, 134 S.Ct. at 2473. Therefore, Defendants' Motion to Dismiss is **GRANTED** on this issue.

## II.  Duty of Loyalty

29 U.S.C. § 1104(a)(1)(A) spells out the fiduciary duty of loyalty in this context, and requires an ERISA fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and the beneficiaries and defraying reasonable expenses of administering the plan." *Id.* Based on its review of the amended complaint, the Court finds this claim is derivative of

the prudence claim discussed above. Absent sufficient facts alleging an underlying breach of fiduciary duty, the Court finds the amended complaint fails to state a claim for breach of the duty of loyalty. *In re Duke Energy ERISA Litig.*, 281 F. Supp. 2d 786, 795 (W.D.N.C. 2003).

### III. Duty to Monitor

Likewise, as the amended complaint fails to sufficiently allege a breach of fiduciary duty, it does not state a breach of the duty to monitor. *See, e.g., Pugh v. Tribune Co.*, 521 F.3d 686, 702 (7th Cir. 2008); *In re Lehman Bros. Sec. and ERISA Litig.*, 113 F. Supp. 3d 745, 764 (S.D.N.Y. 2015).

## CONCLUSION

The SandRidge Defendants' Motion to Dismiss [Doc. No. 187] is **GRANTED** as set forth herein. Because Plaintiffs have not moved for leave to further amend their pleading, prior amendments have failed to cure the deficiencies found by the Court, and it appears further amendment would be futile, the dismissal is with prejudice to a future filing.[2]

---

[2] *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (requiring written motion for leave to amend); *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (same); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim … and granting

12

**IT IS SO ORDERED t**his 8th day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

leave to amend would be futile."); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (futile amendment is properly denied).