# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARTON GERNANDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. CIV-15-834-D |
| v. ) | |
| ) | (*Consolidated with* |
| SANDRIDGE ENERGY, INC., et al., ) | Case No. CIV-15-892-D |
| ) | Case No. CIV-15-1001-D) |
| Defendants. ) | |

# ORDER

Plaintiffs are participants and beneficiaries of the SandRidge Energy, Inc., 401(k) Plan (the Plan). They allege Defendants were responsible for the Plan's investments and breached their fiduciary duties by, *inter alia*, retaining SandRidge common stock as an investment option in the Plan despite its decline and when a reasonable fiduciary would have done otherwise. On July 28, 2017, the Court granted Defendant Reliance Trust Company's Motion to Dismiss on the grounds that, among other things, Plaintiffs failed to plausibly state a cause of action under the applicable standards as to fiduciaries having discretionary authority with respect to investment decisions, as clarified by the Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S.—, 134 S.Ct. 2459 (2014). *See Gernandt v. SandRidge Energy, Inc.*, No.

CIV-15-834-D, 2017 WL 3219490 (W.D. Okla. July 28, 2017). The Court did not rule on the motion to dismiss filed by Defendant Tom Ward. Rather, the Court granted Plaintiffs leave to file an amended complaint against all defendants, and on October 25, 2017, Plaintiffs filed their Amended Consolidated Class Action Complaint [Doc. No. 184].

Before the Court is Defendant Tom L. Ward's Motion to Dismiss [Doc. No. 186]. Plaintiffs have filed their response in opposition [Doc. No. 195] and Ward has replied [Doc. No. 199]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

The Court will grant a motion to dismiss where the complaint lacks a cognizable legal theory or alleges insufficient facts to support a cognizable legal theory. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation omitted)).

The Tenth Circuit has further noted that "'[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" *Khalik*, 671 F.3d at 1191 (quoting *Kansas Penn Gaming*, 656 F.3d at 1215). "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. (quoting *Robbins*, 519 F.3d at 1247). In deciding *Twombly* and *Iqbal*, there was no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Id*. at 1191 (citing *Iqbal*, 556 U.S. at 678).

Thus, it remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) ("Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory.") (internal quotation omitted)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "'[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation omitted).

## DISCUSSION

As stated in other orders regarding this case, the underlying facts of the present action are extensive and will not be restated here. For a more comprehensive summary of the underlying facts, the Court refers the parties to

its previous order granting Reliance's Motion to Dismiss. Ward contends here that the amended complaint does nothing to cure the defects of the original in that: (1) Plaintiffs' amendment does not include new facts to show it was imprudent for Ward to rely on SandRidge's stock price and (2) Plaintiffs did not add any new allegations addressing his argument for dismissal of claims regarding non-public information.

I. **Liability Based on Public Information**

*Fifth Third* observed that *Twombly* and *Iqbal* limited lawsuits involving employee stock ownership in that, in cases of publicly traded stock, allegations that a fiduciary should have recognized from publicly available information alone that the market was over-or undervaluing the stock are implausible in the absence of "special circumstances." 134 S.Ct. at 2471. Analyzing decisions from other appellate courts (the Supreme Court did not specify what events constituted "special circumstances"), this Court concluded that the events cited by Plaintiffs in their original complaint did not constitute "special circumstances" as to state a claim for breach of fiduciary duty. *Gernandt*, 2017 WL 3219490, at *10.

As noted in its order addressing Reliance's renewed motion to dismiss, Plaintiffs' amendments do little to move the needle in this regard. The amended

5

complaint recites how the SandRidge stock ceased trading on a major market while being held by the Plan, through its January 2016 delisting, 2015 warnings regarding the imminent delisting, and status as an unreliable penny stock; how SandRidge's perilous financial condition caused SandRidge to trade on an inefficient market; how SandRidge's assets were unproductive, or minimally productive at current oil prices; how SandRidge's company attributes were dependent upon oil prices and the precipitous decline of oil prices; how SandRidge's perilous financial condition caused its share price to fluctuate wildly; how investors sold large blocks of shares; and that trading volumes were high. *See* Amend. Compl. ¶¶ 14-42. Sister courts have declared similar events and circumstances insufficient to constitute special circumstances under *Fifth Third*. The Court finds Plaintiffs have continued to fail to state a claim upon which relief may be granted and Ward's motion is **GRANTED** on this issue.

## II. Liability Based on Non-Public Information

With respect to inside information, *Fifth Third* held that a plaintiff must plausibly allege (1) an alternative action that the defendant could have taken that would have been consistent with the securities laws and (2) that a prudent fiduciary in the same circumstances would not have viewed as more likely to

6

harm the fund than to help it. *Id*. at 2472. *Fifth Third* further clarified that lower courts should determine whether the complaint itself states a claim satisfying that liability standard:

> [L]ower courts faced with such claims should also consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position could not have concluded that stopping purchases—which the market might take as a sign that insider fiduciaries viewed the employer's stock as a bad investment—or publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund.

134 S.Ct. at 2473.

For the same reasons set forth in the Court's order addressing the SandRidge Defendants' motion on this very issue, the Court rejects Plaintiffs' nonpublic-information claim. Plaintiffs offer the same alternative action(s) – lessening the concentration of SandRidge stock – that the Supreme Court and other federal courts have rejected. The amended complaint thus fails to plausibly allege that a "prudent fiduciary ... could not have concluded that stopping purchases ... or publicly disclosing negative information would do more harm than good." *Fifth Third*, 134 S.Ct. at 2473. Therefore, Ward's Motion to Dismiss is **GRANTED** on this issue.

## CONCLUSION

Defendant Tom L. Ward's Motion to Dismiss [Doc. No. 186] is **GRANTED** as set forth herein. Because Plaintiffs have not moved for leave to further amend their pleading, prior amendments have failed to cure the deficiencies found by the Court, and it appears further amendment would be futile, the dismissal is with prejudice to a future filing.[1]

**IT IS SO ORDERED** this 8th day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (requiring written motion for leave to amend); *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (same); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim … and granting leave to amend would be futile."); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (futile amendment is properly denied).